UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FIFTH THIRD BANK,

        Plaintiff,                                  Civil Action No.1:23-cv-401

    vs.                                         McFarland, J.
                                                 Bowman, M.J.

UNKNOWN HEIRS AT LAW, DEVISEES,
LEGATEES, ADMINISTRATORS, AND
EXECUTORS OF THE ESTATE OF
LEONARD A. WILLIAMSON, DECEASED, et al.

        Defendants.

## REPORT AND RECOMMENDATION

Defendant Anisha Williamson-Brown filed a pro se Notice of Removal in this Court. Defendant is a party in a foreclosure action filed in the Hamilton County Court of Common Pleas brought by Plaintiff Fifth Third Bank. This matter is before the Court on Plaintiff's motion to remand this matter back to state court. (Doc. 4). The motion to remand is well-taken.

The matter at issue arises from a foreclosure action filed by Fifth Third against Defendants, The Unknown Heirs at Law, Devisees, Legatees, Administrators, and Executors of the Estate of Leonard A. Williamson, deceased, Unknown Spouse, if any, of Leonard A. Williamson, Anisa Williamson-Brown, Reginald Brown, Manika Williams, Jason Williams, and the Park Hill Subdivision Homeowners' Association, in the Hamilton County Court of Common Pleas ("Hamilton County Action"). The foreclosure Complaint was originally filed on August 24, 2022.

1

On March 24, 2023, Fifth Third filed its Amended Complaint, naming new party Defendants, LVNC Funding, LLC and Barclays Bank Delaware. Thereafter, on May 24, 2023, Defendant Williamson-Brown filed a "Compulsory Counterclaim" against Fifth Third. Thereafter, on June 27, 2023, Defendant Williamson-Brown filed the Removal pursuant to 28 U.S.C. §§ 1441, 1331, 1446, and 1447. Notably, Defendant's "Compulsory Counterclaim" sets forth the same purported federal causes of action against the Bank that are alleged in the Notice of Removal.

Plaintiff now asks the Court to remand this matter back to state court arguing that Defendants have failed to comply with the requirements set forth in § 1446. Specifically, Plaintiff ages that the Removal is untimely. Moreover, Defendants served in the litigation did not consent to the Removal, as clearly required by the statute. As detailed below, each of these failures to comply with the Removal procedures provide good cause for this case to be remanded back to the Hamilton County Common Pleas Court.

28 U.S.C. § 1446 establishes the requirements for a defendant's removal of a state court action to federal court. Notably, 28 U.S.C. § 1446 (b) provides in relevant part:

> *b) Requirements; generally.--(1)* The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *(2)(A)* When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

> *(B)* Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> *(C)* If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> *(3)* Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446 (b).

The removing party bears the burden of establishing federal subject matter jurisdiction. *See Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007). Pursuant to the operative removal provision, 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." *See generally, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1324 (1999) (statute requires receipt of complaint and service of summons in order to start the 30-day clock for removal).

It is well established that the defendant possesses the burden of demonstrating that its removal is proper and timely (*Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 916 (6th Cir. 2007) (remanding the case to state court and assessing costs to removing party)). If there is any doubt whether removal is appropriate, those doubts should be resolved in favor of remanding the case back to state court. *Brierly v. Alusise*

*Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Regardless, a Defendant has only thirty days to seek removal once the defendant has notice that a federal question is presented. See 28 U.S.C. § 1446(b).

Here, Plaintiff's complaint in state court was served on all Defendants on or before September 12, 2022. Defendant Williamson-Brown retained counsel who appeared on her behalf in the Hamilton County Action on September 26, 2022. Thus, pursuant to 28 U.S.C. § 1446(b)(1), Defendants were required to Remove the action within 30 days of service of the Complaint, or on or before October 12, 2022. However, Defendant Williamson-Brown filed a notice of removal in this court on June 27, 2023. (Doc 1).

The undersigned recognizes that Plaintiff filed an amended complaint on March 24, 2023, and Defendants were served on April 10, 2023. Even assuming the right to removal could be revived by the filing of the amended complaint, the removal deadline under § 1446 would have been May 10, 2023, however, the Removal was not filed by Defendant Williamson-Brown until June 27, 2023.[1] As such, Defendant's removal is untimely therefore warranting remand back to state court.

Moreover, in addition to imposing a 30-day deadline for removal 28 U.S.C. § 1446(d) also sets forth three procedural steps for a defendant to effect removal: (1) file a notice of removal in the federal court, (2) give written notice to all adverse parties, and (3) file a copy of the removal notice in the state court. Id. The statute also states that it is

---

1 See *Betz v. Penske Truck Leasing Co., L.P.*, No. 2:12-CV-1122, 2013 WL 435109, at *2 (S.D. Ohio Feb. 5, 2013) (Once the thirty-day time period passes, the right to remove is waived and cannot be revived unless a new pleading is filed that substantially changes the nature of the litigation). Here, the amended complaint simply added new parties and did not substantially change the nature of the litigation and therefore did not revive the 30-day period for removal.

4

the notice to the state court "which shall effect the removal." 28 U.S.C. § 1446(d). Here, Defendants did not provide notice of filing their Removal to the state court until July 14, 2023.

Additionally, Plaintiff persuasively argues that all defendants did not consent to removal in violation of the rule of unanimity, providing another basis for remand. *Local Union No. 172 v. P.J. Dick, Inc.*, 253 F. Supp. 2d 1022, 1024 (S.D. Ohio 2003). (28 USC § 1446 requires that all defendants who have been properly joined and served at the time the removal petition is filed must join in or consent to the removal of the case).

For the foregoing reasons, it is herein **RECOMMENDED** that Plaintiff's motion for remand be **GRANTED** (Doc. 4) and this matter be **REMANDED** to the Hamilton County, Ohio Court of Common Pleas. It is further **RECOMMENDED** that the Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Defendants leave to appeal in forma pauperis.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

FIFTH THIRD BANK,

        Plaintiff,                        Civil Action No.1:23-cv-401

    vs.                                 McFarland, J.
                                        Bowman, M.J.

UNKNOWN HEIRS AT LAW, DEVISEES,
LEGATEES, ADMINISTRATORS, AND
EXECUTORS OF THE ESTATE OF
LEONARD A. WILLIAMSON, DECEASED, et al.

        Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).